

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2007

# Ayurzana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1930

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ayurzana v. Atty Gen USA" (2007). *2007 Decisions.* Paper 270.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/270

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  06-1930
_____

UGUUMURSAIKHAN AYURZANA;
RAISSA BEMBEEVA;
ZOLBAYAR UGUUMURSAIKHAN;
AISA UGUUMURSAIKHAN,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A72-020-095, A70-868-627,
A70-868-628 and A79-303-047)
Immigration Judge Eugene Pugliese
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2007

Before: AMBRO, JORDAN and ROTH, *Circuit Judges.*

(Filed: November 5, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge.*

Uguumursaikhan Ayurzana, a native and citizen of Mongolia, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his Motion to Reconsider the BIA's affirmance of the decision denying him asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons that follow, we will deny the petition for review.

I.

Ayurzana was admitted to the United States on or about August 25, 1997 with authorization to stay until February 24, 1998. Also entering with him were his wife, Raissa Bembeeva, a native and citizen of Russia, and his two children, Zolbayar, a native and citizen of Russia, and Aisa, a native and citizen of Mongolia.[1] All of the family members overstayed their visas, and Ayurzana filed for asylum and withholding of removal on February 21, 2002, four-and-a-half years after their entry into the United States, alleging persecution on the basis of his race and nationality. Ayurzana's wife and children were included in his asylum application.

Ayurzana asserted at his hearing before the Immigration Judge that he had failed to file his asylum application within the one-year filing deadline because a man named Eduardo Cortez, who Ayurzana claimed represented himself as an attorney, deceived and

_____

[1] Ayurzana's youngest child, Aza-Samantha, was born in the United States, and thus is a United States citizen not subject to removal.

2

defrauded the Ayurzanas into believing that he would file an asylum application for them. After the hearing, the Immigration Judge denied Ayurzana's asylum claim, finding that it was untimely and that Ayurzana had failed to demonstrate extraordinary circumstances for its late filing. The Immigration Judge found that there was no evidence that Cortez even existed, or that he had any kind of agreement with Ayurzana stating that he would file an asylum application for him or any of his family members. Noting credibility and other problems with the testimony of Ayurzana and Bembeeva, the Immigration Judge also found that Ayurzana had failed to meet the burden of proof for withholding of removal or relief under the Convention Against Torture, and thus denied those claims as well. The BIA affirmed the Immigration Judge's decision on November 4, 2005, noting that Ayurzana's asylum application was untimely and that he had not demonstrated entitlement to withholding of removal or relief under the Convention Against Torture.

Ayurzana did not appeal that decision of the BIA. Instead, he filed a Motion to Reconsider, asserting that he was entitled to asylum and withholding of removal, and again claimed that his asylum application was untimely because of Cortez's deception. With that motion, he also submitted additional evidence, including Cortez's business card, cancelled checks made out to Cortez's company, letters from Cortez noting that he was attempting to obtain a work permit for Ayurzana, and letters from family members in Mongolia. The BIA denied the Motion to Reconsider, noting that Ayurzana had "not provided additional legal arguments, references to a change of law, or arguments or

3

aspects of the case that were overlooked." The BIA also noted that, to the extent that Ayurzana was making an ineffective assistance of counsel claim, he had failed to comply with the requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). The BIA further found that the additional evidence submitted by Ayurzana, considered in the nature of a motion to reopen, did not provide sufficient prima facie evidence of persecution on account of a protected ground, and thus denied that motion as well.

## II.

Ayurzana petitions for review of the November 4, 2005 and the February 17, 2006 decisions of the BIA. Ayurzana, however, did not file his notice of appeal until March 17, 2006, within 30 days of the February 17, 2006 order of the BIA denying his Motion to Reconsider,[2] 8 U.S.C. § 1252(b)(1), but long after the November 4, 2005 final order of removal from the BIA. Because the notice of appeal is only timely as to the order of the BIA denying Ayurzana's Motion to Reconsider, we have jurisdiction to review only that order of the BIA. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995) ("[A] deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider.").[3] Thus, to the extent that Ayurzana requests review of the

---

[2] The BIA considered Ayurzana's motion as both a motion to reconsider and a motion to reopen. For ease of reference, we will refer to it here as the Motion to Reconsider.

[3] In *Stone*, the court discusses a 90-day time period for seeking review, but that was shortened by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which specifies a 30-day period. 8 U.S.C. § 1252(b)(1).

November 4, 2005 final order of the BIA, the petition for review will be dismissed, and we will review only the BIA's denial of Ayurzana's Motion to Reconsider.

We review the denial of a motion to reconsider for abuse of discretion, the same standard used to review the denial of a motion to reopen. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). The BIA's decision "will not be disturbed unless [it] is found to be arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

A motion to reconsider should point out the errors of fact or law committed by the BIA. See 8 C.F.R. § 1003.2(b). Under 8 C.F.R § 1003.2(c)(1), the BIA has discretion to reopen proceedings if the movant states new facts to be proved at a hearing that are supported by affidavits or other evidentiary material. That new evidence must be material and have been unavailable at the former hearing. *Id.*

The BIA did not abuse its discretion in denying Ayurzana's Motion to Reconsider. Ayurzana did not present new legal arguments, or point out errors of fact or law. Instead, he largely presented arguments identical to those he presented in his brief to the BIA appealing the decision of the Immigration Judge. Furthermore, additional evidence that Ayurzana attached to his Motion to Reconsider was not new evidence, since it was available at the time of the October 30, 2003 hearing before the Immigration Judge. 8 C.F.R. § 1003.2(c)(1) (to succeed on a motion to reopen, the "evidence sought to be offered [must be] material and [must not have been] available and could not have been

5

discovered or presented at the former hearing"). Each of the checks and letters from Cortez's company have dates from either 1999 or 2000, and thus were available at the 2003 hearing. The letters from Ayurzana's family members also fail to present new evidence, since three of the four letters describe events that occurred, at least in part, in 2002 and 2003, and the fourth letter contains no dates at all. Thus, because Ayurzana could have presented this evidence at his hearing before the Immigration Judge, it is not new evidence that would justify the reopening of his case or the reconsideration of the BIA's decision.

Ayurzana argues that the BIA abused its discretion in denying his Motion for Reconsideration because it committed an error of law when it stated that any ineffective assistance of counsel claim that Ayurzana was attempting to make in his Motion to Reconsider would fail because he had not met the requirements of *Matter of Lozada*, 19 I&N Dec. 637.[4] Ayurzana asserts that because Cortez was not a lawyer, he was not required to meet *Lozada*, and that the BIA erred when it required him to do so. Ayurzana's claim, however, misinterprets the BIA's decision. The BIA did say that Ayurzana had failed to meet the requirements of *Lozada*, but that was after it had already stated that there was no proper basis for reconsidering its earlier ruling. Having stated

_____

[4] *Lozada* requires that, to make an ineffective assistance of counsel claim, a petitioner must submit an affidavit setting forth the facts, including the agreement with counsel about the scope of representation, inform counsel about the allegations (so that counsel has an opportunity to respond), and state whether a complaint was filed with state bar authorities. *Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001).

that Ayurzana failed to meet the legal standard for reconsidering the case, the BIA merely noted that any claim for ineffective assistance of counsel would have failed because of Ayurzana's failure to satisfy the requirements of *Lozada*. Because the BIA did not rely on Ayurzana's failure to meet *Lozada* in denying his motion for reconsideration, he cannot latch onto that statement to assert that the BIA abused its discretion in denying his motion. The painful fact is that Ayurzana failed to present any new legal arguments, or to point out errors of fact or law, or to present new evidence that had not been available. Hence, the BIA's decision was not an abuse of discretion, and his petition for review will be denied.

The remainder of the arguments that Ayurzana makes on appeal go to the BIA's affirmance of the Immigration Judge's decision denying him asylum, withholding of removal, and relief under the Convention Against Torture. As was stated above, because Ayurzana did not file a petition for review within 30 days of the BIA's decision, we do not have jurisdiction to review those claims. *See Stone*, 514 U.S. at 405-06 . To the extent he seeks review of those claims, the petition for review will be dismissed.

III.

For the foregoing reasons, the petition for review will be dismissed in part and denied in part.